IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pamela B. Craig | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C/A No. 3:05-950-CMC |
| | ) | |
| v. | ) | |
| | ) | |
| Jefferson Pilot Financial Insurance | ) | **ORDER AND OPINION** |
| Company, | ) | **ON MOTION TO DISMISS** |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to dismiss Plaintiff's slander per se cause of action. Defendant asserts three grounds in favor of dismissal. First, Defendant argues that the cause of action fails to satisfy the specificity requirements of Rule 8 of the Federal Rules of Civil Procedure. Second, Defendant argues that the communications were privileged under South Carolina Code § 38-55-580. Third, Defendant argues that the cause of action is preempted by ERISA.

For the reasons set forth below, the motion is granted in part. Plaintiff will, however, be allowed an opportunity to replead consistent with the rulings herein.

**Lack of Specificity.** The sole substantive paragraph of Plaintiff's slander per se cause of action reads as follows: "The defendant published to third parties false defamatory statements about the plaintiff. Specifically, the defendant published to third parties that plaintiff was guilty of committing a crime, the crime of insurance fraud, and other acts of dishonesty." Complaint ¶ 29. This generic allegation fails to provide any information as to the timing or form of publication. Beyond identifying the defendant, a corporation, as the publisher, no specification is offered as to

the particular persons involved, either as author or recipient of the allegedly defamatory statement(s). Further, the specific information published is not provided. In light of these collective deficiencies, these allegations fail to provide "'defendant sufficient notice of the communications complained of to enable [defendant] to defend [it]self.'" *Kelly v. Schmidberger,* 806 F.2d 44, 46 (2d Cir. 1986) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980)).

Plaintiff argues that her complaint should be tested against the South Carolina Rules of Civil Procedure rather than the Federal Rules of Civil Procedure because the challenged complaint was filed in state court. Even if correct, this argument would not prevent this court from dismissing the claim with leave to replead in conformity with the federal rules. The complaint does not, however, appear to satisfy even the state law standards. *See* J. Flanagan, *South Carolina Civil Procedure*, p. 70 (2d Edition 1996) ("the pleader must still allege the defamatory words, that they were directed toward the plaintiff, and, if the words were not actionable per se, the facts necessary to show they are defamatory").

The court, therefore, grants Defendant's motion as to the first argument and dismisses the slander per se cause of action for lack of specificity. To the extent not otherwise precluded by this order, Plaintiff may file an amended complaint correcting these deficiencies. Any such complaint shall be filed within fifteen days of the date of entry of this order.

**Privilege.** Defendant speculates that the slander claim may refer to communications which Defendant's agents allegedly had with one of Plaintiff's attorneys and with the South Carolina Office of the Attorney General, Insurance Fraud Division. The communications with the Attorney General's office were, apparently, responsive to a letter from Plaintiff's attorney to that office. To the extent the slander claim is based on any communications with the Attorney General's office,

Defendant argues that the communications are privileged under South Carolina Code § 38-55-580 which provides, in relevant part, as follows:

> A person, insurer, or authorized agency, when acting without malice or in good faith, is immune from any liability arising out of filing reports, cooperating with investigations by any authorized agency, or furnishing other information, whether written or oral, and whether in response to a request by an authorized agency or upon their own initiative, concerning any suspected, anticipated, or completed false statement or misrepresentations when such reports or information are provided to or received by any authorized agency.

S.C. Code Ann. §38-55-580(A).

In her response, Plaintiff refers to two communications, the first being between Defendant's general counsel and an attorney with the Foster Law Firm, LLP. This communication presumably arose out of Plaintiff's consultation with that firm regarding her representation. As a result, any resulting communication by Defendant's general counsel with the Foster Firm would appear to be a communication directed to an attorney acting as Plaintiff's agent. Such a communication would not be actionable under the slander cause of action. *See Rogers v. Wise*, 7 S.E.2d 517, 517 (S.C. 1940) (holding, as a matter of law, that a letter between opposing counsel regarding their client's business "is privileged and that the writing and mailing of it is not a publication").

The second communication on which Plaintiff relies is a response Defendant *may have made* to an inquiry generated by Plaintiff's counsel. Specifically, Plaintiff states that as a result of the above communications, *her attorney*:

> wrote a letter to the South Carolina Attorney General's office, Insurance Fraud Division, requesting an investigation into the purported insurance fraud. *Presumably, Jefferson Pilot reported to the Attorney General's office either verbally or in writing some allegations against Craig concerning what it believed to be "fraud."* The exact substance or communications made by Jefferson Pilot to the Attorney General's office is unknown to Plaintiff at this time since she has not received copies of the communications.

3

Plaintiff's memorandum at 2 (emphasis added).

Plaintiff argues that the court should not grant a motion to dismiss based on the statutory privilege because the privilege applies only if the statement was made "in good faith and without malice." Implicitly, Plaintiff is arguing that this is not a determination that can be made on the face of the complaint. This is, of course, true as to the present complaint given that it does not include any specification at all regarding the alleged defamatory statements.

Even were they contained within the complaint, the allegations in Plaintiff's responsive memorandum would be insufficient as they merely assume that Defendant must have responded to Plaintiff's counsel's letter to the Attorney General and that something improper must have been said in that communication. Such speculation is not an appropriate basis for asserting a claim.

Nonetheless, as noted above, the court will allow Plaintiff one opportunity to replead this cause of action. Should she elect to do so, she should include specific factual allegations relating not only to the communication which she contends is actionable but also to circumstances relating to the absence of privilege.[1] As appropriate, the adequacy of these allegations may be addressed either by a second motion to dismiss or an early motion for partial summary judgment.

**ERISA Preemption.** Plaintiff concedes that her first through third causes of action are preempted and displaced by the Employee Retirement Income Security Act ("ERISA"), 29, U.S.C. § 1001 *et. seq*. Through this motion, Defendant challenges Plaintiff's position that the fourth cause of action (slander per se) survives ERISA preemption. In support of this position, Defendant argues

---

[1] From Plaintiff's memorandum, it appears that any communication between Defendant and the Attorney General's office may have been in response to an inquiry *generated by Plaintiff's own attorney*. No inference of malice or absence of good faith may be drawn from the mere fact that Defendant responded to such an inquiry.

4

that "an examination of Plaintiff's defamation claim would necessarily involve an examination of the employee benefit plan at issue and Defendant's handling of Plaintiff's claim for benefits under that plan." Defendant's opening memorandum at 7. Plaintiff responds by arguing that similar claims have been allowed in various analogous situations involving ERISA covered plans.

Most, but not all, of the cases cited by Plaintiff are distinguishable from the present case because at least one of the litigants is a person other than a plan participant, beneficiary, fiduciary, or sponsor – the individuals and entities whose relationships are directly governed by ERISA. While several of Plaintiff's cases present a more analogous case, none are on point and some appear to rely on an analysis not likely to be accepted within this circuit. Neither, however, do Defendant's cited cases convince the court that ERISA would necessarily preempt any defamation claim which Plaintiff might yet assert. This is in part because the entity to which the communication is made is a third-party vis-a-vis the plan. At the same time, the allegations would necessarily have some connection to the administration of the plan and the relationship between a plan participant and fiduciary. Under Fourth Circuit precedent, this raises a serious possibility of preemption.

In short, this is a close and difficult question of ERISA preemption. This court declines to resolve that question based on the allegations now before the court which, as noted above, lack sufficient specificity to survive a motion to dismiss. Should the claim be repleaded, Defendant may renew the motion to dismiss based on ERISA preemption.

## CONCLUSION

For the reasons set forth above, the court grants Defendant's motion to dismiss the slander per se claim for lack of specificity. The court denies the motion without prejudice on the remaining grounds. Plaintiff may replead her claim for slander per se consistent with the guidance and deadline

provided herein. Should the claim be replead, Defendant may file a renewed motion to dismiss or appropriate motion for summary judgment.

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 24, 2005

C:\temp\notesB0AA3C\05-950 craig v jeff pilot - vlv - mo to dismiss.wpd